UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RICKY ELSON RUDDER,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK,<br>Defendant. | Case No. 18-cv-06599-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER; AND TRANSFERRING CASE**<br><br>Docket No. 8 |

Currently pending before the Court is Plaintiff Wayne Ricky Elson Rudder's motion for a temporary restraining order ("TRO"). The Court held a hearing on the motion on November 15, 2018. This order memorializes the Court's rulings made at the hearing and provides supplemental analysis below.

1. The Court transfers the instant case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). It appears that the suit could have been brought in the Southern District of Florida. In addition, neither party objected to the transfer to the Southern District of Florida. Finally, the Southern District of Florida is the more appropriate venue given the location of the real property at issue, the location of the foreclosure sale, and the residence of Mr. Rudder and other persons likely to be witnesses.

2. Although the Court is transferring the case, it still addresses the motion for a TRO, particularly because the foreclosure sale is upcoming and it is not clear that the transfer will be completed by the date of the foreclosure sale and/or that the Florida district court will have sufficient time to review the case prior to the date of the foreclosure sale.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a court can determine whether a preliminary injunction is necessary. *See Windermere Holdings,*

*LLC v. U.S. Wall Decor, LLC*, No. C 10-03955 LB, 2011 U.S. Dist. LEXIS 30451, at *2 (N.D. Cal. Jan. 14, 2011). "The standards for a temporary restraining order mirror that for a preliminary injunction." *Id.* at *3. The moving party must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) the preliminary relief is in the public interest. *See Ghalehtak v. Fay Servicing, LLC*, No. 17-cv-05976-EMC, 2017 U.S. Dist. LEXIS 177068, at *7-8 (N.D. Cal. Oct. 25, 2017) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008)). The Ninth Circuit has held that "'serious questions going to the merits' and hardship balance that tips sharply toward the plaintiff can support issuance of [preliminary relief], assuming the other two elements of the *Winter* test are also met." *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

For the short term at least, the balance of hardships tips sharply in the estate's favor. Without a TRO, the foreclosure sale will proceed. In contrast, the only harm Defendant Wells Fargo Bank will suffer from a TRO is a brief delay in moving forward with the sale. There are also sufficiently serious questions going to the merits, including what impact the sale would have on the disposition of the pending insurance claim. The Court therefore shall issue a TRO to preserve the status quo and prevent irreparable harm.

This is not to say that the merits of this case will ultimately be resolved in the estate's favor. Furthermore, the Court notes that there may still be issues regarding jurisdiction – *e.g.*, additional parties (Paul Eugene and Charles Danix) may need to be deemed required parties under Federal Rule of Civil Procedure 19; if so, their citizenship will come into play for purposes of diversity jurisdiction. *See* FAC at 5 (arguing that the two individuals should not be paid any money under the insurance policy). However, at this point, the Court is required to make only a preliminary assessment to determine if the preservation of the status quo is justified, at least for a brief period.

The Court therefore issues the following TRO: Wells Fargo is hereby enjoined from selling

the real property at issue for twenty-eight (28) days from the date of this order.[1] This order shall expire at that time unless the parties agree to an extension or unless Mr. Rudder secures an extension from the Florida district court.

For the foregoing reasons, Mr. Rudder's motion is **GRANTED** and the Court orders the Clerk of the Court to immediately **TRANSFER** this case to the Southern District of Florida.

**IT IS SO ORDERED**.

Dated: November 16, 2018

EDWARD M. CHEN
United States District Judge

---

[1] Although Federal Rule of Civil Procedure refers to a TRO of fourteen (14) days, the circumstances here – *i.e.*, involving a transfer to the Florida district court – necessitate a longer period. Furthermore, Wells Fargo Bank did not object to the twenty-eight day period.

3